UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF
MICHIGAN,

      Plaintiff,

v.

TONYA LYNN RAISBECK,

      Defendant.
_____/

Case No. 1:13-cv-899

HON. JANET T. NEFF

## ORDER OF REMAND

Tonya Lynn Raisbeck, the defendant in a state court criminal case captioned *People of the State of Michigan v. Tonya Lynn Raisbeck*, No. 12-17853-FH, filed a Notice of Removal purporting to remove the case from the Circuit Court for the County of Allegan, Michigan to this Court (Dkt 1). Defendant alleges that removal to the federal court system is necessary to protect her right to be free from double jeopardy, among other trial-related rights (*id.* at ¶ 16). Specifically, Defendant alleges that she will be tried tomorrow for the third time for the charge of "continuing criminal enterprise" (*id.* at ¶ 1). Defendant has also filed a Motion for an Immediate Emergency Temporary Restraining Order (Dkt 5), seeking to stay trial. Plaintiff has not responded to Defendant's filings.

Under 28 U.S.C. § 1443(1), a criminal defendant may remove her state prosecution to the federal courts where she "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or where she is prosecuted for acting "under color of authority derived from any

law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." To effect removal, the defendant must file a notice in the district court, signed per FED. R. CIV. P. 11, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1455(a). The defendant must remove within "30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," and the notice must state all grounds for removal. *Id.* § 1455(b)(1)–(2). A district court receiving such a notice of removal must review it promptly to determine if the removal appears proper. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4).

Defendant was arraigned July 30, 2012 (Dkt 1-2 at 1, Page ID#13), and Defendant did not file her Notice of Removal in this Court until August 19, 2013. Because the Notice is untimely, it does not prevent the state court's exercise of jurisdiction. *See Seaton v. Jabe*, 992 F.2d 79, 81-82 (6th Cir. 1993). Further, the Notice does not set forth sufficient grounds for permitting a conclusion of good cause for extension under 28 U.S.C. § 1446(c)(1). Therefore, the Court finds that removal would not be proper.

Accordingly, this action is hereby SUMMARILY REMANDED to the Circuit Court of Allegan County, Michigan, and the Emergency Motion for a Temporary Restraining Order (Dkt 5) is DENIED as moot.

**IT IS SO ORDERED.**


Dated: August 19, 2013         /s/ Paul L. Maloney
                          for   JANET T. NEFF
                                United States District Judge